CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
JUN 18 2007
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONNIE RAY ROSENBAUM, #129863,<br>    Petitioner, | )<br>)<br>) Civil Action No. 7:07cv00052<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| GENE M. JOHNSON, Director of<br>Virginia Department of Corrections,<br>    Respondent. | )<br>)<br>) By: Jackson L. Kiser<br>) Senior U.S. District Judge |

Petitioner Donnie Ray Rosenbaum, a Virginia inmate, proceeding pro se, has filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Rosenbaum challenges the duration of his parole and the Virginia Parole Board's revocation of good time credits that Rosenbaum had previously accumulated while incarcerated. The petition is presently before the court on respondent's motion to dismiss. For the reasons set forth below, the court will grant respondent's motion.

## BACKGROUND/FACTS

On June 17, 1982, Rosenbaum was convicted in the Circuit Court of Washington County of bank robbery, an offense he committed on July 12, 1981. Rosenbaum was subsequently sentenced to a total term of imprisonment of 30 years. Rosenbaum appealed his conviction to the Court of Appeals of Virginia on the ground that there was insufficient evidence to sustain his conviction. His appeal was denied as the Court of Appeals found no reversible error by the trial court. Rosenbaum next filed a petition for appeal in the Supreme Court of Virginia, which found no reversible error and refused the petition.

On February 18, 2004, Rosenbaum was released to mandatory parole. He acknowledges reading the release form which stated in large bold font, "WARNING: if your mandatory parole is

revoked, the Parole Board may revoke your previously earned goodtime," although he refused to sign the form. Rosenbaum failed to appear for a scheduled appointment with Parole Officer Spry on December 1, 2004, and went missing for four and one half months until he was arrested in Washington County.[1] On July 6, 2005, the Virginia Parole Board, after a hearing, found Rosenbaum guilty of violating two parole conditions and accordingly revoked the parole and his previously earned good time stating that, "persons released on mandatory parole who violate the same and are reincarcerated may not be released on mandatory parole again under the same sentence. . . . All time not physically served on applicable sentences prior to mandatory parole, is revoked."[2] The Virginia Parole Board acted pursuant to the authority granted by Va. Code §§ 53.1-159, 53.1-165.[3]

On October 11, 2005, Rosenbaum filed a petition for writ of habeas corpus in this court claiming that the Virginia Parole Board miscalculated his term of parole, wrongly revoked his earned good time credits, and erred by not appointing him counsel for his parole violation hearing. This was the first time Rosenbaum raised all three claims. By opinion and order entered October 18, 2005, the petition was dismissed without prejudice for failure to exhaust state court remedies.

On November 23, 2005, Rosenbaum filed a petition for writ of habeas corpus in the Supreme Court of Virginia. The petition raised the following claims:

---

[1] This violated Condition 11 of Rosenbaum's parole: "I will not abscond from supervision. I understand I will be considered an absconder when my whereabouts are no longer known to my supervising officer." It was later discovered that Rosenbaum also violated Condition 1 of his parole by failing to obey all laws and ordinances.

[2] Rosenbaum had accumulated 11 years, 9 months, and 5 days in previously earned good time credits, all of which were revoked.

[3] Sections 53.1-159 and 53.1-165 are the direct statutory descendants of Va. Code § 53-253.3 (repealed by § 53.1-159 ) and § 53-262(A) (repealed by § 53.1-165), respectively, the relevant statutes in place at the time Rosenbaum committed his offense.

2

A.   The Virginia Parole Board revoked Rosenbaum's accumulated good time credit pursuant to a policy enacted in 1995 that would not be applicable to Rosenbaum.

   B.   The Virginia Parole Board placed Rosenbaum on post-release supervision, a program which did not exist when Rosenbaum was tried and convicted in 1982.

   C.   Respondent wrongfully calculated Rosenbaum's term of supervision when he was released on mandatory parole in February, 2005.

   D.   Rosenbaum was wrongfully refused legal counsel at the preliminary hearing on his parole violation.

On May 4, 2006, the Supreme Court of Virginia dismissed the petition, stating that "habeas corpus did not lie in the matter".

Rosenbaum filed a petition for rehearing in the Supreme Court of Virginia on May 26, 2006. This petition omitted claims (C) and (D) above and re-worded claims (A) and (B). The "new" claims (A) and (B) read as follows:

   A    The Virginia Parole Board violated the Ex Post Facto Clause of the United States and Virginia Constitutions when it ordered that Rosenbaum's previously earned good time credits be forfeited pursuant to § 53.1-159 and § 53.1-165 of the Code of Virginia. These statutes were enacted after the date Rosenbaum committed his offense and have a more "onerous" effect on him by increasing the amount of time he will have to serve in order to completely satisfy his sentence. The statute in place at the time Rosenbaum committed his offense was § 53-251.3, which did not order the forfeiture of good time credits for violating mandatory parole.

   B.   The Virginia Parole Board violated the Ex Post Facto Clause of the United States and Virginia Constitutions when it placed Rosenbaum on a three-year term of mandatory parole supervision pursuant to § 53.1-159 and § 53.1-165 of the Code of Virginia. These statutes were enacted after the date Rosenbaum committed his offense, and have a more "onerous" effect on Rosenbaum, by increasing the amount of time he will have to serve in order to completely satisfy his sentence. The statute in place at the time Rosenbaum committed his offense was § 53-251.3, which "only allows a prisoner to be placed on a term of parole not to exceed six months before he reaches final discharge."

3

The Supreme Court of Virginia considered the petition to rehear, but summarily denied it on September 20, 2006.

Rosenbaum filed the instant petition on February 1, 2007. The petition consists of two claims, both substantively identical to those raised in his petition for rehearing. Respondent moved to dismiss Rosenbaum's petition on April 19, 2007, arguing that the claims are not exhausted, that claim (B) is barred by the statute of limitations, and that this court should defer to the decision of the state court. Rosenbaum filed a response on May 9, 2007, and, therefore, the petition is ripe for review.

## ANALYSIS

### I. EXHAUSTION

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 119 S. Ct. 1728 (1999).

Respondent contends that, after the Supreme Court of Virginia dismissed Rosenbaum's original petition, he "radically changed" the entire factual predicate for each of his claims and alleged these altered claims in his petition for rehearing. Respondent alleges that there is no indication that the Virginia Supreme Court considered the new claims contained in the petition for rehearing, therefore, they are not exhausted and this court must dismiss the petition. Slayton v. Smith, 404 U.S. 43 (1971).

In Green v. Catoe, 220 F.3d 220, 222-24 (4th Cir. 2000), cert. denied, 532 U.S. 1039 (2001),

4

however, the court held that claims raised in a petition for rehearing are considered exhausted, even if they receive a merely perfunctory rejection from the court. The Supreme Court of Virginia's denial of the rehearing petition, therefore, constitutes an adjudication on the merits. Accordingly, I find that Rosenbaum has exhausted the remedies available to him in the courts of Virginia.

II.    CLAIM A

A federal court may not grant relief on any claim that the state court has adjudicated on the merits unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 376-77 (2000). Clearly established federal law controlling whether statutory changes violate the Ex Post Facto Clause of the United States Constitution holds that "the relevant inquiry is 'whether the change alters the definition of criminal conduct or increases the penalty by which a crime is punishable.'" Lynce v. Mathis, 519 U.S. 433, 443 (1997) (citing California Dept. of Corrections v. Morales, 514 U.S. 499, 507 n.3 (1995)).[4]

Where, as here, there is no indication of how the state court applied federal law to the facts of a case, a federal court must necessarily perform its own review of the record. Green v. Catoe, 220 F.3d 220, 223 (2000) (citing Cardwell v. Greene, 152 F.3d 331, 339 (4th Cir. 1998)). Because the state court decision fails to articulate any rationale for its adverse determination of Rosenbaum's claims, I cannot review the Supreme Court of Virginia's application of clearly established federal law, but must independently ascertain whether the record reveals a violation of a constitutional right.

---

[4] To the extent that Rosenbaum alleges a violation of the Virginia Constitution, a claim arising from state law is not cognizable before this court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n.1 (4th Cir. 1999).

Id.

Rosenbaum alleges that the statutes in place on July 12, 1981, the date on which he committed the offense, did not authorize the Virginia Parole Board to revoke good time credits previously earned by a prisoner. Rosenbaum contends that the statutes under which his good time credit was revoked were enacted after he committed his offense and, therefore, constitute violations of the Ex Post Facto Clause of the United States Constitution. Rosenbaum cites VA. CODE ANN. § 53-253.3 (Supp. 1981), the statute in place on July 12, 1981 that set forth mandatory parole release, to support this claim.[5] Rosenbaum is partially correct in his contention that this statutory provision would not authorize the Parole Board to revoke earned good time credits, but he fails to consider VA. CODE ANN. § 53-262(A) (Supp. 1981), a statute that is more on point. Section 53-262(A) granted the Virginia Parole Board the discretion, upon finding a violation of parole, to "revoke the parole and order the reincarceration of the prisoner for the unserved portion of the term of imprisonment originally imposed upon him."[6]

Rosenbaum also asserts that earned good time credits are counted toward the part of a prisoner's sentence that has already been served. He relies on two opinions by former Virginia Attorney General John Marshall Coleman to support these assertions.[7] Upon review of these opinions, I find that Rosenbaum misinterprets them. Attorney General Coleman clearly stated in

---

[5] The statute, in pertinent part, states, "Such persons who are so discharged on parole shall be subject to a minimum of six months' supervision and such an additional period of parole as the Board deems appropriate."

[6] This is identical to the statutory language from VA.CODE ANN. § 53.1-165 (2000) that was at issue in Warren v. Baskerville, 233 F.3d 204 (4th Cir. 2000). In Warren, the court read the plain language of the statute to grant the Parole Board authority to reincarcerate a parole violator for the entire remainder of his original sentence, irrespective of any previously earned good credits.

[7] 1979-80 Va. Op. Atty. Gen. 268 and 1981-82 Va. Op. Atty. Gen. 276.

6

these opinions that they were to be used in clarifying the proper method for computing eligibility for mandatory and discretionary parole. He made no mention that earned credits should be considered part of the sentence already served, instead stating that they were merely used in calculating a prisoner's date of final discharge by subtracting the amount of credits earned from the length of the original sentence. Earned credits, as they were gained or lost, were to be used in moving up or moving back a prisoner's date of final discharge; there was no mention in the opinions that earned credits were to be added to time actually served.

Because the statutes in place at the time Rosenbaum committed his offense authorized the Parole Board to revoke earned good time credits, I find that the statutory change from § 53-262(A) to § 53.1-165 did not alter the definition of criminal conduct or increase the penalty by which a crime is punishable. The Virginia Parole Board's decision pursuant to § 53.1-165 did not violate the Ex Post Facto Clause and, therefore, claim (A) is dismissed.

### III. CLAIM B

Claim (B) is barred by the statute of limitations. Under the AEDPA, § 2254 petitions are subject to a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1); Brown v. Angelone, 150 F.3d 370, 371-72 (4th Cir. 1998). Under § 2244(d)(1)(D), the limitation period begins running the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[8]

The alleged factual predicate for claim (B) is that Rosenbaum was wrongfully placed on a

---

[8] To the extent that Rosenbaum alleges a violation of the Virginia Constitution, a claim arising from state law is not cognizable before this court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n.1 (4th Cir. 1999).

three-year term of post-release supervision pursuant to statutes enacted after he committed the offense. Rosenbaum fully admits that he became aware of the three-year term of supervision on February 18, 2004, when he was released to mandatory parole and read his release papers. Because the factual predicate of Rosenbaum's claim arose and was discovered on February 18, 2004, he had one year from that date to challenge the three-year term of his parole in a federal habeas petition. Rosenbaum did not meet this February 18, 2005 deadline; in fact, by that date, Rosenbaum had yet to file his state petition in the Supreme Court of Virginia.[9] Accordingly, Rosenbaum's petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.[10] Rosenbaum has made no such demonstration.

Rosenbaum argues two grounds for equitable tolling: first, that he was no longer "in custody" as required by § 2254 upon his release to parole and, therefore, had no standing to sue; and second, that he could not have known through due diligence that he had any legal claim because "every policy of the Virginia Parole Board, the Department of Corrections, Attorney General's Office, and all case law up to the point of release, states that they (the Parole Board) were correct in placing him on three years supervision."

The first ground, that he was not in custody upon release to parole, has no legal basis. Petitioners who have been released to parole are "in custody" for the purpose of a § 2254 claim. See

---

[9] Rosenbaum's one-year clock had already run by the time he filed his state habeas petition; therefore, the state petition afforded Rosenbaum no tolling under § 2244(d)(2).

[10] Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d.238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), cert. denied, 541 U.S. 905 (2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. Petitioner must demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998).

8

Jones v. Cunningham, 371 U.S. 236, 243 (1963). Moreover, Rosenbaum, through due diligence, should have discovered such. Since Rosenbaum eventually did exercise due diligence and discovered what he thought to be a legal claim, the contention in his second ground that he could not have discovered the claim through due diligence necessarily fails. Rosenbaum's lack of familiarity with the legal process and lack of access to legal materials is insufficient basis upon which to invoke equitable tolling. Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000) (citing Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)). Rosenbaum has not presented any extraordinary circumstances beyond his control that prevented him from filing on time. Accordingly, I find that Rosenbaum has not demonstrated grounds sufficient for this court to apply equitable tolling. Therefore, Claim (B) is barred by the statute of limitations and must be dismissed.

## CONCLUSION

For the reasons stated, the court will grant respondent's motion to dismiss.

The Clerk is directed to send a certified copy of this Memorandum and Opinion and the accompanying Order to the petitioner.

ENTER: This 18th day of June, 2007.

*[signature]*
Senior U.S. District Judge

9